UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LAURA LAVECCHIA,

    Plaintiff,                                                                     CASE NO: 19-cv-61186

vs.

HARLEY DAVIDSON
FINANCIAL SERVICES, INC.

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, *Mims v. Arrow Fin. Servs. LLC,* 565 U.S. 368, 132 S. Ct. 740, 181 L.Ed.2d 881 (U.S. 2012), and 1367.

**PARTIES**

3. Plaintiff, LAURA LAVECCHIA, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, HARLEY DAVIDSON FINANCIAL SERVICES, INC. ("Harley Davidson"), is a Delaware corporation with its principal place of business at 222 W. Adams St., Suite 2000, Chicago, IL 60606.

5. Its registered agent for service of process is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. At all times, material, Plaintiff was and is a consumer as defined by the FCCPA.

7. At all material times, the communications alleged herein were "communications" as defined under the FCCPA.

8. Defendant or an affiliated company extended credit to the Plaintiff and is a "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff alleged debts for a consumer loan.

10. The debt was for a personal, household, or family purpose.

11. Plaintiff purchased a Harley-Davidson motorcycle.

12. Whenever Plaintiff's payments were late, Defendant would contact Plaintiff on her cellular telephone during Plaintiff's work hours.

13. Each time Defendant called, Plaintiff advised that she could not take calls on her cellular telephone during work and to please not call her cellular telephone during work hours.

14. Each time, Defendant's representative would advise Plaintiff that they will continue to call as long as her payments were late.

15. Defendant would call Plaintiff a minimum of three (3) times per day.

16. Defendant was aware that by contacting Plaintiff excessively and after she repeatedly instructed it not to, Defendant violated the FCCPA.

17. Plaintiff has received no notification that the Promissory Note was assigned and, therefore, believes that it has not been assigned.

18. Defendant, or others acting on its behalf, contacted Plaintiff via her cellular telephone.

19. Defendant, or others acting on its behalf, left messages of pre-recorded telephone messages on Plaintiff's cellular telephone and called and hung up without leaving messages on other occasions ("the telephone messages").

20. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(a)(A).

22. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## EXCESSIVE COMMUNICATION WITH A CONSUMER IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates Paragraphs 1 through 18.

24. Defendant communicated with Plaintiff multiple times per day after Plaintiff told Defendant to stop calling her during work hours when Defendant knew that it was in violation of Fla. Stat. §559.72.

25. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

e.  Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATING WITH A CONSUMER AFTER BEING TOLD TO CEASE IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 18.

27. Defendant communicated multiple times per day via telephone with Plaintiff when Defendant knew Plaintiff told Defendant to stop calling her during work hours in violation of Fla. Stat. §559.72 (7).

28. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit;

c.  declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

d.  permanently enjoining Defendant from direct communication with Plaintiff; and

e.  Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates Paragraphs 1 through 22.

30. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's calls violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   305-776-1805
> Fax:   305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
>  */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163